# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MELANIE JENKINS., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-17-0739-HE |
| | ) | |
| OKLAHOMA BOARD OF NURSING, | ) | |
| *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Melanie Jenkins, acting *pro se*, filed this case against the Oklahoma Board of Nursing and several individuals associated with the Board. She claims that defendants violated the Americans with Disabilities Act ("ADA"). The nature of that claimed violation is not clear from the complaint, but appears to involve the Board's suspension of plaintiff's Licensed Practical Nurse license or subsequent remedial efforts. She also claims that defendants violated the Freedom of Information Act ("FOIA"), the Administrative Procedures Act ("APA"), and were negligent in handling her licensure. The Board and its members and employees filed a motion to dismiss [Doc. #11]. Debbie McKinney, whom the Board identifies as an independent contractor, filed a separate motion to dismiss. [Doc. #12].[1]

The moving defendants seeks dismissal on the basis that the complaint and amended complaint fail to state facts sufficient to state a claim under the ADA against the Board or

---

[1] *Jackie Jordan is the only defendant that has not filed a motion to dismiss. However, Ms. Jordan has not yet been served.*

the individuals, that certain defendants have not been served, that certain of the potential claims would be barred by Eleventh Amendment immunity, and other grounds. Plaintiff has not responded to either motion.

Notwithstanding plaintiff's failure to respond, the court has reviewed the amended complaint and concludes the motions should be granted based on the failure of the complaint to state a claim. Although plaintiff's submissions provide background as to her dealings with the Board, they do not state a claim, under the ADA or otherwise, against the Board or any individual defendant.[2] As the complaint is subject to dismissal on that basis, it is unnecessary to address or resolve here the alternate grounds relied on by defendants, including Eleventh Amendment immunity, adequacy of service, and the like.[3]

Defendants' motions to dismiss [Doc. Nos. 11 &12] are **GRANTED**. The amended complaint is **DISMISSED**. As the pleading deficiencies are potentially subject to correction by amendment, plaintiff is granted leave to file a further amended complaint within 14 days. Absent the filing of such amendment, this case will be subject to dismissal

---

[2] *When considering whether claims should be dismissed under Fed.R.Civ.P. 12(b)(6), the court accepts all well-pleaded factual allegations of the complaint as true and views them in the light most favorable to the plaintiff, the non-moving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). To avoid dismissal, the complaint must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). As plaintiff is pro se, the court must construe her pleadings liberally, but will not act was her advocate. James v. Wadas, 724 F.3d 1312, 1315 (10th Cir. 2013).*

[3] *Ordinarily, the court would resolve the Eleventh Amendment immunity issue first, as it goes to jurisdiction. See Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002). However, the amended complaint is silent as to what specific relief is sought, making it impossible to determine whether all potential claims are barred by the amendment.*

without prejudice. Should plaintiff elect to pursue this case further, she is encouraged to secure counsel to assist her with it if she can do so.

**IT IS SO ORDERED.**

Dated this 30th day of October, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE